# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**In re D.P., 2011 IL App (1st) 111631**

---

| | |
|---|---|
| Appellate Court Caption | *In re* D.P. and D.V., Minors, Respondents-Appellees (The People of the State of Illinois, Petitioner-Appellee, v. Chevette V., Respondent-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-1631 |
| Rule 23 Order filed | October 21, 2011 |
| Rule 23 Order withdrawn | November 8, 2011 |
| Opinion filed | November 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order imposing limitations on respondent's access to case materials in the wardship adjudication cases involving respondent's children was reasonable in view of the evidence suggesting that respondent was posting confidential information about her children on the Internet. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 07-JA-757, 07-JA-758; the Hon. John L. Huff, and the Hon. Robert Balanoff, Judges, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen Jaffe, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan Spellberg, Nancy Kisicki, and Mary Needham, Assistant State's Attorneys, of counsel), for the People.

Robert F. Harris, Public Guardian, of Chicago (Kass A. Plain and Susan S. Wigoda, of counsel), guardian *ad litem*.

Panel

JUSTICE CAHILL delivered the judgment of the court, with opinion.

Justices Garcia and Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1 Respondent Chevette V., mother of minors D.P. and D.V., appeals the trial court's imposition of an order restricting her access to case documents from the minors' wardship adjudication cases. The order specified that: (1) for 31 days after the entry of the order, respondent could only review her attorney's case materials in the attorney's presence; (2) respondent's attorney could not give respondent the case materials; and (3) respondent's attorney was to destroy the case materials after 31 days. We affirm.

¶ 2 We first note that the court had subject matter jurisdiction to enter the order at issue under section 1-2(2) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-2(2) (West 2010)), which authorizes the juvenile court to enter orders bearing on the "future welfare of persons subject to th[e] Act." The order at issue clearly qualifies as bearing on the future welfare of the minors.

¶ 3 Next, we note that respondent's attorney made no objection to the court's jurisdiction or the injunction on the record and has effectively forfeited review of this claim. See *In re M.W.*, 232 Ill. 2d 408, 430, 905 N.E.2d 757 (2009).

¶ 4 This case is controlled by section 2-22 of the Act (705 ILCS 405/2-22(2) (West 2010)), which entitled the trial court to limit respondent's access to the case file. Section 2-22 states: "[t]he court may order *** that the documents containing such reports need not be submitted to inspection, or that sources of confidential information need not be disclosed except to the attorneys for the parties." 705 ILCS 405/2-22(2) (West 2010). Section 2-25 of the Act permits the court to enter orders of protection necessary to protect the health, safety and best interests of a minor child. 705 ILCS 405/2-25(1) (West 2010).

¶ 5 Here, the court did not abuse its discretion in issuing the injunction limiting respondent's access to the case file. The record suggests that respondent was posting damaging, embarrassing and confidential information about her children on the Internet. It was within

the trial court's discretion to take action to prevent the disclosure and publication of confidential information and case materials. The limitations imposed on respondent's access to the case materials were reasonable, and we believe the court's order limiting respondent's review of the case records was a proper exercise of its judicial discretion. We affirm the decision of the trial court.

¶ 6        Affirmed.